**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN MENZIES, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-03403 |
| | ) | |
| SEYFARTH, SHAW LLP, | ) | Honorable John Robert Blakey |
| an Illinois limited liability partnership; | ) | |
| GRAHAM TAYLOR, individually; | ) | |
| NORTHERN TRUST CORPORATION, | ) | |
| a Delaware corporation; and | ) | |
| CHRISTIANA BANK & TRUST COMPANY, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHRISTIANA BANK & TRUST COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**

Gary M. Elden
Daniel M. Hinkle
Amy Y. Cho
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 704-7700
gelden@shb.com
dhinkle@shb.com
acho@shb.com

*Counsel for Defendant Wilmington Savings Fund Society, FSB, as successor-in-interest to Christiana Bank & Trust Company*

1796160

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ....................................................................... ii

STATEMENT OF ALLEGATIONS PERTINENT TO CHRISTIANA........................................1

    I.   OVERVIEW. ...................................................................................1

    II.  ALLEGATIONS SPECIFIC TO CHRISTIANA. ...............................................2

ARGUMENT .........................................................................................3

    I.   APPLICABLE LEGAL STANDARD; CHOICE OF LAW. ...............................3

    II.  MENZIES HAS RELEASED ALL CLAIMS ALLEGED AGAINST
         CHRISTIANA. ...............................................................................4

    III. THE COMPLAINT FAILS TO PLEAD ALL COUNTS WITH SUFFICIENT
         PARTICULARITY................................................................................5

        A.  The Complaint Alleges No Specific Wrongful Act Or Conduct Of A
           Christiana Employee As Required By Rule 9(b).............................................5

        B.  The Complaint Alleges No Specific Facts Supporting Conclusory Assertions
           Of Agency, Conspiracy, And Joint Venture. ..................................................6

    IV. CHRISTIANA HAD NO DUTY TO ADVISE ON TAXES, A REASON TO
         DISMISS ALL COUNTS. ....................................................................8

    V.  MENZIES FAILS TO STATE A MISREPRESENTATION CLAIM AGAINST
         CHRISTIANA. ...............................................................................9

        A.  Menzies Fails On Five Independent Grounds To Allege A Misrepresentation
           Claim.............................................................................................9

         B.  The *Moorman* Doctrine Bars Plaintiffs' Negligent Misrepresentation Claim.............10

    VI. MENZIES' UNJUST ENRICHMENT CLAIM FAILS BECAUSE THERE IS A
         CONTRACT AND BECAUSE ALL CHRISTIANA RECEIVED WAS ITS
         AGREED FEE. ...............................................................................11

    VII.   MENZIES' RICO CLAIMS FAIL FOR NUMEROUS REASONS.........................12

    VIII.  ABSENT RICO, THERE IS NO PERSONAL JURISDICTION. ...........................13

CONCLUSION......................................................................................14

i

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*188 LLC v. Trinity Indus., Inc.*,
    300 F.3d 730 (7th Cir. 2002) ................................................................................. 1

*Ackerman v. Northwestern Mut. Life Ins. Co.*,
    172 F.3d 467 (7th Cir. 1999) .......................................................................... 5, 6

*Adams v. Jankouskas*,
    452 A.2d 148 (Del. 1982) ................................................................................ 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................... 4

*Bachman v. Bear, Sterns & Co.*,
    178 F.3d 930 (7th Cir. 1999) .......................................................................... 12

*Behr v. Club Med, Inc.*,
    190 Ill. App. 3d 396 (1st Dist. 1989) .............................................................. 7

*Berry v. Indianapolis Life Ins. Co.*,
    638 F. Supp. 2d 732 (N.D. Tex. 2009) ........................................................... 10

*Blumenthal v. Brewer*,
    2014 Ill. App. (1st) 132250............................................................................ 11, 12

*Borsellino v. Goldman Sachs Grp., Inc.*,
    477 F.3d 502 (7th Cir. 2007) .......................................................................... 7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)......................................................................................... 14

*Carter v. Carter*,
    2012 IL App. (1st) 110855.............................................................................. 8

*Chi. Export Packing Co. v. Teledyne Indus., Inc.*,
    207 Ill. App. 3d 659 (1st Dist. 1990) .............................................................. 10

*Christiana Marine Serv. Corp. v. Texaco Fuel and Marine Mktg. Inc.*,
    No. 98-02-217, 2002 WL 1335360 (Sup. Ct. Del. 2002) ...................................... 11

*Cincinnati Life Ins. Co. v. Beyrer*,
    722 F.3d 939 (7th Cir. 2013) .......................................................................... 5

*Clarendon Nat'l Ins. Co. v. Medina*,
    645 F.d 928 (7th Cir. 2011) ............................................................................ 7

*Colonial Bank & Trust Co. v. Kozlowski*,
    106 Ill. App. 3d 639 (1st Dist. 1982) .............................................................. 10

*Cont'l Cas. Co. v. Duckson*,
    826 F. Supp. 2d 1086 (N.D. Ill. 2011) ............................................................ 4

ii

*Cooney v. Rossiter,*
583 F.3d 967 (7th Cir. 2009) ........................................................................ 7

*Crichton v. Golden Rule Ins. Co.,*
576 F.3d 392 (7th Cir. 2009) ........................................................................ 12

*Daimler AG v. Bauman,*
134 S. Ct. 746 (2014) ..................................................................................... 13

*Danforth v. Acord Structures, Inc.,*
608 A.2d 1194 (Del. 1992) ............................................................................ 11

*Divane v. A and C Elec. Co.,*
193 B.R. 853 (N.D. Ill. 1996) ......................................................................... 8

*Felland v. Clifton,*
682 F.3d 665 (7th Cir. 2012) ........................................................................ 14

*Fox Assocs., Inc. v. Robert Half Int'l, Inc.,*
334 Ill. App. 3d 90 (1st Dist. 2002) .............................................................. 11

*Goren v. New Vision Int'l,*
156 F.3d 721 (7th Cir. 1998) .......................................................................... 6

*Guaranteed Rate, Inc. v. Barr,*
912 F. Supp. 2d 671 (N.D. Ill. 2012) ...................................................... 12, 13

*Herlehy v. Marie V. Bistersky Trust,*
407 Ill. App. 3d 878 (1st Dist. 2010) .............................................................. 8

*Ill. Non-Profit Risk Mgmt. Ass'n v. Human Serv. Ctr. of Southern Metro-East,*
378 Ill. App. 3d 713 (4th Dist. 2008) .............................................................. 8

*Indus. Hard Chrome, Ltd. v. Hetran, Inc.,*
90 F. Supp. 2d 952 (N.D. Ill. 2000) ........................................................... 7, 8

*Indus. Lift Truck Serv. Corp. v. Mitsubishi Int'l Corp.,*
104 Ill. App. 3d 357 (1st Dist. 1982) ............................................................ 12

*Jewish Hosps. v. Boatmen's Nat'l Bank of Belleville,*
261 Ill. App. 3d 750 (5th Dist. 1994) .............................................................. 9

*Knaus v. Guidry,*
389 Ill. App. 3d 804 (1st Dist. 2009) ............................................................ 14

*Lachmund v. ADM Investor Servs., Inc.,*
191 F.3d 777 (7th Cir. 1999) .......................................................................... 7

*Loberg v. Hallwood Realty Partners, L.P.,*
323 Ill. App. 3d 936 (1st Dist. 2001) .............................................................. 5

*McClure v. Owens Corning Fiberglas Corp.,*
188 Ill. 2d 102 (1999) ..................................................................................... 7

*Metz v. Serfling,*
No. 90 C 5302, 1992 WL 23491 (N.D. Ill. Feb. 6, 1992) ............................... 9

iii

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
   91 Ill. 2d 69 (1982) ...................................................................................... 10

*New Process Steel, L.P v. PH Grp., Inc.*,
   No. 02 C 1802, 2002 WL 31253886 (N.D. Ill. Oct. 8, 2002) ..................... 14

*Oberoi v. Mehta*,
   No. 10 C 7275, 2011 WL 1337017 (N.D. Ill. Apr. 6, 2011).................... 12

*Palin Mfg. Co. v. Water Tech., Inc.*,
   103 Ill. App. 3d 926 (1st Dist. 1982) ...................................................... 8

*Perez v. Citicorp Mortg., Inc.*,
   301 Ill. App. 3d 413 (1st Dist. 1998) ...................................................... 11

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*,
   631 F.3d 436 (7th Cir. 2011) ................................................................. 5

*Plaintiffs A-F v. Zemin*,
   282 F. Supp. 2d 875 (N.D. Ill. 2003) ..................................................... 14

*Ploense v. Electrolux Home Prods., Inc.*,
   377 Ill. App. 3d 1091 (4th Dist. 2007)................................................... 14

*QO Acquisition Corp. v. Julien Co.*,
   No. 88 C 6050, 1990 WL 16459 (N.D. Ill. Feb. 12, 1990)..................... 11

*Rapaport v. Weingast and Assocs.*,
   859 F. Supp. 2d 706 (D.N.J. 2012) ........................................................ 9

*Reuter v. MasterCard, Int'l, Inc.*,
   397 Ill. App. 3d 915 (5th Dist. 2010)..................................................... 7

*Reves v. Ernst & Young*,
   113 S. Ct. 1163 (1993) ........................................................................... 13

*Richmond v. Nationwide Cassel L.P.*,
   52 F.3d 646 (7th Cir. 1995) ................................................................... 13

*Roots P'ship v. Lands' End, Inc.*,
   965 F.2d 1411 (7th Cir. 1992) ............................................................... 10

*Sigel v. Levy Organizational Dev. Co.*,
   153 Ill. 2d 534 (1992) ............................................................................ 9

*Slaney v. Int'l Amateur Athletic Fed'n*,
   244 F.3d 580 (7th Cir. 2001) ................................................................. 13

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................. 7

*Tierney v. Vahle*,
   304 F.3d 734 (7th Cir. 2002) ................................................................. 1

*Townsend v. Sears, Roebuck and Co.*,
   227 Ill. 2d 147 (2007) ............................................................................ 4

*United Food & Commer. Workers Union & Emplyrs. Midwest Health Benefits Fund v. Walgreen Co.*,
  719 F.3d 849 (7th Cir. 2013) ................................................................ 13

*Vicom, Inc. v. Harbridge Merchant Servs., Inc.*,
  20 F.3d 771 (7th Cir. 1994) ................................................................. 6

*Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*,
  No. 19875, 2005 WL 5757652 (Del. Ch. Apr. 1, 2005) ........................... 10

*Williams v. Ford Motor Co.*,
  990 F. Supp. 551 (N.D. Ill. 1997) ........................................................ 7

*Williams v. Sidley, Austin, Brown & Wood, LLP*,
  816 N.Y.S.2d 702 (Table) (N.Y. Super. Ct. Sept. 22, 2006) ................... 10

*Zarrella v. Pacific Life Ins. Co.*,
  755 F. Supp. 2d 1218 (S.D. Fla. 2010) ................................................. 10

**Other Authorities**

12 U.S.C. 1464(x) .............................................................................. 13

v

Defendant Wilmington Savings Fund Society, FSB, as successor-in-interest to Christiana Bank & Trust Company ("Christiana"), by this memorandum supports its motion to dismiss under Fed. R. Civ. P. 12(b)(6), 12(b)(2), and 9(b) for failure to state a claim and for lack of personal jurisdiction. Christiana incorporates by this reference the arguments raised by the other defendants but will not repeat them, instead concentrating below on issues specific to Christiana.

## STATEMENT OF ALLEGATIONS
## PERTINENT TO CHRISTIANA

## I. OVERVIEW.

Plaintiff Menzies, President of a large financial services company, in 2003–04 attempted to avoid millions of dollars in capital gains taxes by entering into a series of complex transactions. Cplt. ¶ 1. He did so in alleged reliance on the advice of his tax advisor, defendant Northern Trust, Cplt. ¶¶ 40–41, and thereafter also received tax opinions on these transactions from his attorneys, Seyfarth Shaw and Taylor. Cplt. ¶ 19. Only after he had decided to follow this advice from others did Menzies hire Christiana, solely to serve as trustee for the trusts to be set up in reliance on the prior advice. Cplt. ¶¶ 37–43, 46, 48.

The Christiana-Menzies trust documents, Exs. A–C,[1] say nothing about tax or financial advice. In directing the transaction, Menzies acknowledged that Christiana did not give tax or financial advice. Ex. D. Menzies does <u>not</u> allege that any Christiana employee (a) communicated with Menzies, (b) gave tax or financial advice (to him or anyone), or (c) did

---

[1] Exs. A–E are not attached to the complaint but are the agreements creating the trusts and implementing the main transactions alleged. *See, e.g.*, Cplt. ¶¶ 51, 53-54, 57, 59-60, 80-83. These trusts and transactions are the basis of all alleged claims against Christiana. The exhibits therefore can be considered on this motion to prevent Menzies from "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (documents referred to in complaint and central to claim can be considered).

1

anything at all before Menzies made the decision to implement the tax advice given earlier by others.

In December 2012, Menzies decided to settle with the IRS and paid the capital gains taxes he had hoped to avoid. Cplt. ¶ 91–92. There has never been an adjudication that the tax avoidance plan was in fact an illegal tax shelter. In his complaint, he asserts as the gist of each claim against Christiana that it is responsible for the advice of others and that Menzies had been misled in 2003–04 about his own intent, plan, and purpose and about what the IRS would do. Menzies' specific claim is that he was tricked into believing that he did not have an intent to avoid capital gains taxes when he entered into the 2003–04 transactions. Cplt. ¶¶ 73–74, 77.

## II.    ALLEGATIONS SPECIFIC TO CHRISTIANA.

The complaint barely mentions Christiana. It alleges that a Christiana employee, "[u]pon information and belief," "participated" in two calls in July and August 2003, neither call involving Menzies (why they are pled "upon information and belief"). Cplt. ¶¶ 42–43. All that is alleged about these calls is that in them (a) Christiana learned that Menzies wanted to participate in the transactions and (b) defendants discussed the drafting of relevant documents. *Id*. The complaint does not allege: that tax advice was discussed on either call; that Menzies at the time of the calls (or ever) learned what was said on either call; or that the Christiana employee said anything on either call.

Though Menzies does not attach to the complaint the relevant trust agreements, Exs. A–C, and transaction directions, Exs. D–E, they can be considered. *See* n.1. Exs. A–C make plain that no provision obligates Christiana to provide tax or financial advice and that Christiana's duties as trustee are quite limited. Ex. D acknowledges Christiana gave no tax or financial advice.

2

The complaint does <u>not</u> allege that Christiana, as trustee, took any action that Menzies did not instruct it to take or failed to follow the trust agreements; in fact, the complaint alleges the contrary, that Christiana exactly followed Menzies' direction, *e.g.*, Cplt. ¶¶ 48, 55–56, 58–60, 63–64, as Exs. D–E also make clear. The complaint does <u>not</u> allege that Menzies and any Christiana employee had any communication on tax treatment of the transactions (or for that matter on any subject).

The complaint tries to connect Christiana to the claims against other defendants by assertions that other defendants were agents of, joint venturers with, and co-conspirators with Christiana. Cplt. ¶¶ 97, 147–48, 155–57. The complaint provides no details in support of any of these conclusory assertions.

In 2003, Menzies directed Christiana to substitute shares for a promissory note held in one of the trusts. Cplt. ¶¶ 59–60. As part of this written direction (the "2003 Agreement"), Menzies gave a broad release to Christiana related to all claims "relating to or arising out of" the substitution (which Menzies describes as "key" to the alleged tax-avoidance plan). Ex. D; Cplt. ¶ 59. In the 2003 Agreement, Menzies acknowledged that Christiana had not provided him tax or financial advice related to the alleged transactions. Ex. D.

In 2006, Menzies entered into another agreement by which Menzies received his funds from the transactions (the "2006 Agreement"), also a key step to the tax-saving plan. Ex. E; Cplt. ¶¶ 82–83. In the 2006 Agreement (Ex. E), Menzies released Christiana from "any act or omission in connection" with the alleged transactions.

## ARGUMENT

## I. APPLICABLE LEGAL STANDARD; CHOICE OF LAW.

Fed. R. Civ. P. 9(b) applies to all of Menzies' claims since all are based on alleged fraudulent conduct. *See* citations in III.A., below. Even apart from Rule 9(b), "a complaint must

3

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Illinois law, a "choice-of-law determination is required only when a difference in law will make a difference in the outcome." *Townsend v. Sears, Roebuck and Co.*, 227 Ill. 2d 147, 155 (2007). "Absent a conflict, Illinois law applies" to Menzies' state-law claims. *Cont'l Cas. Co. v. Duckson*, 826 F. Supp. 2d 1086, 1093 (N.D. Ill. 2011).

Christiana has no relevant contact with Illinois. *See* § VIII, below. (Nor does Menzies, a citizen of Nebraska.) Christiana is a citizen of and has its principal place of business in Delaware. *Id.* Its contracts require application of Delaware law to certain issues. Ex. A, § 14; Ex. B, § 5(b); Ex. C, § 15. Delaware law is similar to Illinois law on all state law issues briefed below. Cases from both states will be cited.

## II. MENZIES HAS RELEASED ALL CLAIMS ALLEGED AGAINST CHRISTIANA.

The 2003 Agreement (Ex. D, § 2):

> [i]rrevocably and unconditionally releases, waives and fully and forever discharges the Trust Company [defined as "Christiana Bank & Trust Company"], both individually and as Trustee, from any and all claims, causes of action, liabilities, obligations, rights and damages of any nature whatsoever, whether known or unknown, anticipated or unanticipated, <u>relating to or arising out of this substitution of assets or any act or omission in connection therewith</u>. (Emphasis added.)

The referenced "substitution of assets" is the one called by Cplt. ¶ 59 the "key" to the transactions at issue. In the 2003 Agreement, Menzies covenants not to bring or pursue against Christiana any claim related to the released claims. *Id.* § 4. In the 2003 Agreement, Menzies acknowledges that Christiana "has not acted as a financial, tax or legal advisor to the Trust, Mr. Steven Menzies or any beneficiary in connection with the substitution of assets." *Id.* § 3.

4

The 2006 Agreement released Christiana "absolutely, from any and all further liability, claim or demand <u>in connection with the transactions described above, including but not limited to the sale, and the satisfaction of the Trust's obligations</u>." Ex. E, ¶ 1. The "transactions described above" include those described in Cplt. ¶¶ 51, 56–63, 68 and 82–83 as the transactions needed to implement the alleged tax-saving plan.

Because Menzies thus <u>twice</u> released all current claims against Christiana, they should all be dismissed. *Loberg v. Hallwood Realty Partners, L.P.*, 323 Ill. App. 3d 936, 941 (1st Dist. 2001) ("Where the terms of the release are clear and explicit, the court must enforce the release as written."); *Adams v. Jankouskas*, 452 A.2d 148, 156 (Del. 1982) (similar).

## III. THE COMPLAINT FAILS TO PLEAD ALL COUNTS WITH SUFFICIENT PARTICULARITY.

### A. The Complaint Alleges No Specific Wrongful Act Or Conduct Of A Christiana Employee As Required By Rule 9(b).

Rule 9(b) applies not only to fraud claims but fiduciary breach, unjust enrichment and similar claims where they are based on allegations of fraudulent conduct. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 949–950 (7th Cir. 2013) (applying Rule 9(b) to an unjust enrichment claim because Rule 9(b) applies to any claim based on allegations of fraudulent conduct). Here, Rule 9(b) applies to all the claims against Christiana, because all are based on the same alleged conduct.

"Rule 9(b) requires that a plaintiff allege the 'who, what, when, where, and how'" of the wrongdoing. *Id.* at 948. Its purpose is "to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Rule 9(b) requires plaintiffs "to specify which defendants said what to whom and when." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 471 (7th Cir. 1999) (quotation omitted). This obligation is not met by alleging that "defendants" or "one

5

or more defendants" engaged in various wrongful acts, as Menzies repeatedly does, *e.g.*, Cplt. at ¶¶ 16, 48, 66, 70, 95–102, 107–167. *Goren v. New Vision Int'l*, 156 F.3d 721, 726 (7th Cir. 1998) ("[I]n a multiple defendant case, Rule 9(b) requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged participation in the scheme."); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) (summarizing the 7th Circuit's history of rejecting fraud complaints that "lump" together multiple defendants).

The allegations about the phone calls involving Christiana are "on information and belief." Such allegations "generally . . . do not meet Rule 9(b)'s particularity requirement." *Cincinnati Life Ins.*, 722 F.3d at 948. Even apart from that, all the complaint alleges as to Christiana employees is that one was on two July and August 2003 phone calls (Menzies was not on either) when nothing happened of any import. What allegedly happened in those calls was that Christiana was informed that Menzies wanted to proceed with the tax-related transactions and the parties discussed the drafting of documents. Cplt. ¶¶ 42–43. Menzies does <u>not</u> allege: who said what, how anything said involved fraud, or how anything supports any Menzies claim. Menzies does <u>not</u> allege, there or anywhere, any statement by a Christiana employee or any conduct by a Christiana employee other than that Christiana served as a trustee for the relevant trusts and performed acts specifically requested by Menzies. Such lack of specificity dooms Menzies' claims. *Id.*; *Ackerman*, 172 F.3d at 471.

**B.** **The Complaint Alleges No Specific Facts Supporting Conclusory Assertions Of Agency, Conspiracy, And Joint Venture.**

Menzies apparently counts on holding Christiana in the case by associating it with the alleged acts of others. Menzies tries to accomplish this by asserting conclusions about "conspiracy," "joint venture" and "agency" among defendants. But he provides no details and merely asserts, *e.g.*, that defendants "acted in concert" and had "knowledge" of each other's

6

actions. *E.g.*, Cplt. ¶¶ 97–98. These allegations do not sufficiently plead such theories either under Rule 9(b) or as a matter of substantive state law. *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 782 (7th Cir. 1999) (asserting "conspiracy" does not plead actual or apparent authority; specifics of agency relationship must be alleged in compliance with Rule 9(b) if fraud is alleged to have occurred through agents); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (conclusory allegation that defendants "agreed" to a conspiracy are insufficient); *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (same). "Mere knowledge of the fraudulent or illegal actions of another" is insufficient to show a conspiracy. *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 134 (1999); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (plaintiff failed to state conspiracy claim against investment firm and bank where plaintiff made only conclusory allegations regarding involvement in alleged conspiracy).

For agency, Menzies must plead facts demonstrating that Christiana could control the method and manner of acting by the other defendants, and that defendants agreed to act as Christiana's agent. *Williams v. Ford Motor Co.*, 990 F. Supp. 551, 554–55 (N.D. Ill. 1997); *Clarendon Nat'l Ins. Co. v. Medina*, 645 F.d 928, 935 (7th Cir. 2011). Similarly, for conspiracy or joint venture, Menzies must plead an agreement and an ability to control the alleged joint venture or enterprise. *Reuter v. MasterCard, Int'l, Inc.*, 397 Ill. App. 3d 915, 927–28 (5th Dist. 2010) (an agreement is a necessary element of a conspiracy claim, a mere combination of acts is insufficient); *Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 90 F. Supp. 2d 952, 955 (N.D. Ill. 2000) (joint venture requires an agreement to carry on as an enterprise and a right to control the conduct of the other members); *Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 409 (1st Dist. 1989) (same).

7

Menzies has alleged no such facts. Had he done so, his allegations would not be plausible given that Christiana could not ethically or practically control an opposing party's attorney, or that his new bank, brought in solely as trustee, controlled the bank adviser <u>previously</u> when it gave the pertinent tax advice.

In addition, the joint venture claim fails because Menzies does not allege that defendants operated as a "single enterprise" by sharing profits. *Compare* Cplt. ¶¶ 20, 22, 24 (each defendant received its own fees) *with Indus. Hard Chrome*, 90 F. Supp. 2d at 955 (allegation that parties referred each other business insufficient to support joint venture); *Palin Mfg. Co. v. Water Tech., Inc.*, 103 Ill. App. 3d 926, 932 (1st Dist. 1982) (finding as a matter of law no joint venture where parties kept own profits).

The joint venture and conspiracy claims also fail for lack of a valid underlying tort claim. *Ill. Non-Profit Risk Mgmt. Ass'n v. Human Serv. Ctr. of Southern Metro-East*, 378 Ill. App. 3d 713, 724 (4th Dist. 2008).

Argument III disposes of all counts (as do Arguments II and IV).

## IV.   CHRISTIANA HAD NO DUTY TO ADVISE ON TAXES, A REASON TO DISMISS ALL COUNTS.

A trustee's rights and duties are limited to those set forth in the trust agreements. *Herlehy v. Marie V. Bistersky Trust*, 407 Ill. App. 3d 878, 896 (1st Dist. 2010) (trustee's fiduciary duties limited to carrying out and complying with the terms of the trust); *Carter v. Carter*, 2012 IL App. (1st) 110855, ¶ 19 (trust agreement sets forth trustee's duties); *Divane v. A and C Elec. Co.*, 193 B.R. 853, 857 (N.D. Ill. 1996) ("Trustees' powers and duties are of course defined by the trust agreement").

The trust agreements do not contain any provisions suggesting that Christiana was responsible for providing tax advice, Exs. A–C, and Menzies acknowledged in writing that

8

Christiana was not acting as his tax advisor or providing him tax advice. Ex. D, § 3. Courts refuse to impose on a trustee a duty to provide tax advice where the trust agreement does not. *Jewish Hosps. v. Boatmen's Nat'l Bank of Belleville*, 261 Ill. App. 3d 750, 769–70 (5th Dist. 1994) (refusing to impose a duty to give tax advice to beneficiaries on executor); *Metz v. Serfling*, No. 90 C 5302, 1992 WL 23491, at *5–6 (N.D. Ill. Feb. 6, 1992) (trustee has no duty to inform about tax consequences of actions directed by the complaining party); *Rapaport v. Weingast and Assocs.*, 859 F. Supp. 2d 706, 720–21 (D.N.J. 2012) (dismissing fiduciary duty and negligence claim against trustee because trustee was under no duty to provide tax advice). It would be particularly inappropriate to impose such a duty here, where Menzies alleges that Christiana knew that he had hired tax counsel and a well-regarded bank to advise him on taxes and where Menzies signed an agreement saying that Menzies would not rely on Christiana for tax advice.

The lack of duty to give tax advice (not to mention an acknowledged lack of reliance upon Christiana) removes an essential element of all claims against Christiana. (This is further explained as to the negligent misrepresentation count in V.B., below.)

## V.   MENZIES FAILS TO STATE A MISREPRESENTATION CLAIM AGAINST CHRISTIANA.

### A.   Menzies Fails On Five Independent Grounds To Allege A Misrepresentation Claim.

For a misrepresentation claim, plaintiff must allege (1) a false or misleading statement or (2) an omission coupled with a duty to disclose, plus (3) causation and reasonable reliance. *Sigel v. Levy Organizational Dev. Co.*, 153 Ill. 2d 534, 542–43 (1992). As to (1), Menzies pleads no statement at all by Christiana. As to (2), a duty to disclose can arise only from specific facts, but Menzies does not even try to plead such facts. (*See* argument IV.B.) As to (3), Menzies pleads that he engaged Christiana <u>after</u> deciding to enter into the relevant transactions, Cplt. ¶¶ 37–40,

9

42, and 46, negating causation and reliance.  *Roots P'ship v. Lands' End, Inc.*, 965 F.2d 1411, 1420 (7th Cir. 1992) (statements made after plaintiff decided to enter into relevant transaction cannot support fraud claim); *Colonial Bank & Trust Co. v. Kozlowski*, 106 Ill. App. 3d 639, 644 (1st Dist. 1982) (same).

(4) Statements cannot give rise to a misrepresentation claim if they merely predict what the Internal Revenue Service will do.  *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, No. 19875, 2005 WL 5757652, at *12 (Del. Ch. Apr. 1, 2005); *Zarrella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1218, 1224–26 (S.D. Fla. 2010); *Berry v. Indianapolis Life Ins. Co.*, 638 F. Supp. 2d 732, 737-38 (N.D. Tex. 2009); *Williams v. Sidley, Austin, Brown & Wood, LLP*, 816 N.Y.S.2d 702 (Table), at *5 (N.Y. Super. Ct. Sept. 22, 2006).  Menzies' claims are based on such statements.

(5) Statements cannot give rise to a claim if they relate entirely to Menzies' own intents, plans and purposes, Cplt. ¶¶ 73–75, as to which Menzies has at least equal ability to learn the truth.  *Chi. Export Packing Co. v. Teledyne Indus., Inc.*, 207 Ill. App. 3d 659, 663 (1st Dist. 1990) ("only where the parties do not have equal knowledge" can there be reasonable reliance; and, where plaintiff knows of a statement's falsity, there is no reasonable reliance).  Such knowledge of his own intent also negates causation.  *Id.*

Any one of these five flaws is fatal to all misrepresentation claims (including fraud and RICO).  As to negligent misrepresentation, there is also this sixth one:

### B.    The *Moorman* Doctrine Bars Plaintiffs' Negligent Misrepresentation Claim.

Claims for economic loss caused by negligence generally cannot be brought in tort because contract law occupies the field.  *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69 (1982).  An exception exists for a defendant in the business of supplying information, if the information is what is primarily being sold and its provision is not just ancillary to provision of other goods or services.  *Id.*; *Fox Assocs., Inc. v. Robert Half Int'l, Inc.*, 334 Ill. App. 3d 90,

10

94–95 (1st Dist. 2002) (negligent misrepresentation claim cannot be brought against defendant whose provision of information was ancillary to its services); *QO Acquisition Corp. v. Julien Co.*, No. 88 C 6050, 1990 WL 16459, at *4 (N.D. Ill. Feb. 12, 1990) (defendant's provision of representative services was not supplying "information" and thus did not give rise to a negligent misrepresentation claim).

There is no allegation Christiana was in the business of providing information.  Menzies acknowledged that Christiana did not give him tax advice on the relevant transaction.  Ex. D, § 3. Christiana is only alleged to have provided services as a trustee; any information that would have been provided (though this did not in fact happen) would have been ancillary to a service.

Delaware follows *Moorman* and Illinois precedents.  *Christiana Marine Serv. Corp. v. Texaco Fuel and Marine Mktg. Inc.*, No. 98-02-217, 2002 WL 1335360, at *5–6 (Sup. Ct. Del. 2002); *Danforth v. Acord Structures, Inc.*, 608 A.2d 1194, 1195 (Del. 1992).

## VI.   MENZIES' UNJUST ENRICHMENT CLAIM FAILS BECAUSE THERE IS A CONTRACT AND BECAUSE ALL CHRISTIANA RECEIVED WAS ITS AGREED FEE.

Unjust enrichment claims cannot arise on matters governed by express contracts, as here. "Generally speaking, the legal doctrine of unjust enrichment describes a recovery for the value of a benefit retained to the loss of another <u>when there is no contractual relationship between them</u> but when on the grounds of fairness and justice, the law compels the performance of a legal and moral duty to pay." *Blumenthal v. Brewer*, 2014 Ill. App. (1st) 132250, ¶ 12 (quotations omitted; emphasis added).  The claim "is based on a contract implied in law and, therefore, <u>does not apply where there is a specific contract</u> that governs the relationship of the parties." *Perez v. Citicorp Mortg., Inc*., 301 Ill. App. 3d 413, 425 (1st Dist. 1998) (emphasis added).  A party cannot obtain recovery through a quasi-contractual theory, such as unjust enrichment, where the

11

contract does not provide him a remedy.  *Indus. Lift Truck Serv. Corp. v. Mitsubishi Int'l Corp.*,
104 Ill. App. 3d 357, 360–61 (1st Dist. 1982).

In addition, unjust enrichment is appropriate only where a party has received a benefit
without paying for it.  *See, e.g., Blumenthal,* 2014 Ill. App. (1st) 132250, ¶ 12; *Perez,* 301 Ill.
App. 3d at 425.  Here, Christiana agreed to provide trustee services for a fee and provided those
services.  There is nothing "unjust" about Christiana retaining the fee promised for services
admittedly provided.

## VII.    MENZIES' RICO CLAIMS FAIL FOR NUMEROUS REASONS.

Christiana will not repeat the many reasons to dismiss the RICO claims briefed by co-
defendants.  Christiana merely adds that, even had Menzies pled a viable RICO claim against
someone, Menzies does not allege Christiana shared in any profits from any enterprise or
engaged in any conduct other than agreeing to be trustee.  Cplt. ¶ 24.  That alone dooms his
RICO claim under *Guaranteed Rate, Inc. v. Barr*, 912 F. Supp. 2d 671, 687–88 (N.D. Ill. 2012)
(defendants' failure to share in the profits of the alleged enterprise as opposed to merely taking
own respective profits from their respective actions related to the scheme fatal to RICO claim);
*Bachman v. Bear, Sterns & Co.*, 178 F.3d 930, 932–33 (7th Cir. 1999) (similar); and *Oberoi v.
Mehta*, No. 10 C 7275, 2011 WL 1337017, at *4 (N.D. Ill. Apr. 6, 2011) (same).

Christiana was a "mere hireling, as shown by the fact that the only fee it received was its
normal fee" and therefore is not subject to a RICO claim.  *Bachman*, 178 F.3d at 932–33;
*Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 399 (7th Cir. 2009) (RICO "does not penalize
tangential involvement in an enterprise . . . .  Allegations that a defendant had a business
relationship with the putative RICO enterprise or that a defendant performed services for that

enterprise do not suffice"); *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597−98 (7th Cir. 2001) (similar) .

*Guaranteed Rate*, 912 F. Supp. 2d at 678, 685, dismissed RICO claims against an attorney alleged to have participated in various meetings regarding a fraudulent scheme, and executed real estate documents knowing them to be false, because the attorney received only his customary fee, which made him a "mere hireling."  Similarly, *United Food & Commer. Workers Union & Emplyrs. Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 853−55 (7th Cir. 2013), dismissed a RICO claim against defendants who communicated with each other regarding a scheme and took fraudulent actions, but were not involved in each other's affairs. Those cases directly apply to Christiana, alleged only to have provided customary services for a fee.  Cplt. ¶¶ 24, 37–43, 46.

More generally, Menzies fails to allege Christiana directed any RICO enterprise or participated in its operation or management, as required by *Reves v. Ernst & Young*, 113 S. Ct. 1163, 1179 (1993) (defendant to be liable must have had "some part in directing" the enterprise's affairs and must have "participated in the conduct of the 'enterprise's affairs,' not just their own affairs"); *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 646, 646 (7th Cir. 1995) (same). Christiana also incorporates reasons briefed by other defendants (which are not repeated).

## VIII.   ABSENT RICO, THERE IS NO PERSONAL JURISDICTION.

If RICO claims are dismissed, the Court lacks personal jurisdiction over Christiana, which is a federal savings bank headquartered in Delaware, Cplt. ¶ 10, and thus not subject to "general" personal jurisdiction in Illinois.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014); 12 U.S.C. 1464(x).

13

For there to be "specific" personal jurisdiction over Christiana (for this one case), Christiana must have had enough relevant "minimum contacts" so one would reasonably anticipate Illinois would take such jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985). What this means is that Christiana must have "purposely directed'" activities in Illinois which caused Menzies' alleged injuries. *Felland v. Clifton*, 682 F.3d 665, 673-74 (7th Cir. 2012).

Menzies pleads no facts showing such actions. Menzies, a citizen of Nebraska, Cplt. ¶ 2, and Christiana, a citizen of Delaware, are not alleged to have interacted in Illinois (or anywhere else). Menzies apparently thinks he can concoct jurisdiction by assertions that Christiana acted "by and through" defendants who acted in Illinois. Cplt. ¶ 14. As already noted in § III.B, above, such conclusory allegations are insufficient to state a claim. They are similarly insufficient to confer personal jurisdictional. *Plaintiffs A-F v. Zemin*, 282 F. Supp. 2d 875, 886 (N.D. Ill. 2003) (conclusory allegations of agency relationship with party in Illinois insufficient to establish jurisdiction); *New Process Steel, L.P v. PH Grp., Inc.*, No. 02 C 1802, 2002 WL 31253886, at *2 (N.D. Ill. Oct. 8, 2002) (dismissing complaint for lack of personal jurisdiction because "agency relationship must be established by plaintiff's facts"); *Knaus v. Guidry*, 389 Ill. App. 3d 804, 823–26 (1st Dist. 2009) (vague conspiracy allegations do not confer personal jurisdiction and conspiracy allegations do not change individualized analysis required by due process); *Ploense v. Electrolux Home Prods., Inc.*, 377 Ill. App. 3d 1091, 1106–08 (4th Dist. 2007) (same).

## CONCLUSION

All counts should be dismissed for reasons stated in II–IV, above. All claims involving misrepresentation (fraud, RICO, negligent misrepresentation, conspiracy, joint venture) should also be dismissed for reasons stated in V.A. Negligent misrepresentation, unjust enrichment, and

14

RICO claims suffer from additional inadequacies set out, respectively, in V.B., VI, and VII.

Absent a RICO claim, there is no personal jurisdiction, as explained in VIII; so the complaint

should be dismissed for this reason as well if the RICO claims are dismissed.  Arguments made

by other defendants, incorporated herein, provide further reasons to dismiss some or all claims

against Christiana.

Dated:  June 10, 2015

Respectfully submitted,

**WILMINGTON SAVINGS FUND
SOCIETY, FSB, as successor-in-interest to
CHRISTIANA BANK & TRUST
COMPANY**

By:  /s/ Gary M. Elden
SHOOK, HARDY & BACON L.L.P.
Gary M. Elden
Daniel M. Hinkle
Amy Y. Cho
111 South Wacker Drive, Suite 5100
Chicago, IL  60606
Phone:  (312) 704-7700
Fax:     (312) 558-1195
Email:  gelden@shb.com
        dhinkle@shb.com
        acho@shb.com

*Counsel for Defendant Wilmington Savings Fund
Society, FSB, as successor-in-interest to
Christiana Bank & Trust Company*

15

1796160

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a copy of the foregoing

**DEFENDANT CHRISTIANA BANK & TRUST COMPANY'S MEMORANDUM IN**

**SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF JURISDICTION AND**

**FAILURE TO STATE A CLAIM** was served upon all counsel of record in this action via the

U.S. District Court CM/ECF e-filing system on June 10, 2015.


              /s/ Gary M. Elden

1796160