# Exhibit A

IRREVOCABLE TRUST AGREEMENT

for THE PERSEPHONE TRUST

made this 24th day of September, 2003,

WHEREBY

I,

STEVEN MENZIES

as SETTLOR,

and

CHRISTIANA BANK and TRUST COMPANY

hereinafter called Trustee,

agree as follows:

**FIRST:** Creation of the Trust: I hereby irrevocably assign and transfer to the Trustee all of the assets for which the Trustee has given the Trustee's receipt, to hold, together with any other property which may be added hereto, as THE PERSEPHONE TRUST dated this day upon the following trusts.

**SECOND:** Terms of the Trust:

I. Property Other Than Stock of a Subchapter S Corporation: Until twenty-five years from the date hereof, the Trustee shall hold the principal hereof in trust and accumulate the net income and add the same to principal; provided, however, that the Trustee, in the Trustee's sole discretion, may pay or apply some or all or none of the income and principal for the health, support, education and other benefit of ANN MENZIES, even to the exhaustion of the principal. Twenty-five years from the date hereof the Trustee shall distribute the balance of

755739.1 9/24/03

principal to ANN MENZIES if she is then living; otherwise to the personal representative of her estate.

  II. Stock of a Subchapter S Corporation: Until the earlier of twenty-five years from the date hereof or the death of ANN MENZIES, the Trustee shall hold the principal, if any, comprised of stock of a Subchapter S Corporation in a separate trust and pay out the net income in annual or more frequent installments to ANN MENZIES. In addition, the Trustee, in the Trustee's sole discretion, may pay or apply some or all or none of the principal for the health, support, education and other benefit of ANN MENZIES, even to the exhaustion of the principal. Upon the earlier of twenty-five years from the date hereof or the death of ANN MENZIES, the Trustee shall distribute the balance of principal as follows: to ANN MENZIES if she is then living; otherwise to the personal representative of her estate.

  **THIRD:** The Absolute Nature of the Trustee's Authority: My intention is that, in regard to the Trustee's decisions regarding distributions to ANN MENZIES from the trust created under Article SECOND I. above, the Trustee's discretion shall be utterly sole, absolute and uncontrolled and the Trustee shall have no duty to refer to or abide by any letter of instructions that I may leave directed to the Trustee. Accordingly, the Trustee may choose to distribute no income or principal to her even if it may appear that a distribution would otherwise be appropriate for her or necessary for her well-being. The Trustee shall not be required to justify, explain or state the Trustee's reasons for any decision to authorize or not to authorize distribution of income or principal to ANN MENZIES, even if it appears that the Trustee's decision is or may be arbitrary, capricious or unreasonable.

  **FOURTH:** Tax Clause: Unless my Will shall provide otherwise, if any estate, inheritance, succession or other death taxes, including any penalties thereon, are assessed against

or measured by the assets of this trust upon my death, this trust shall bear its proportionate part thereof; provided, however, that no asset which is exempt from any state death tax shall be used for the payment of such tax and no asset which is exempt from federal estate tax shall be used for the payment of that tax. Such taxes shall be paid out of the principal and at such time or times as may be deemed advisable.

**FIFTH:** Termination of Trusts at Trustee's Discretion: Whenever the Trustee, in the Trustee's sole discretion, determines that any fund held in trust hereunder is too small to warrant establishing or continuing such fund in trust, or its administration would be or become impractical for any other reason, the Trustee may pay such fund, outright, to the beneficiary. If the beneficiary, in the opinion of the Trustee, is mentally or physically incapacitated, the Trustee may pay such fund to the guardian of the estate or person of the beneficiary and the receipt of such person shall be a complete release of the Trustee. If the beneficiary is deceased, the Trustee may pay the fund to the personal representative of the beneficiary's estate.

**SIXTH:** Subchapter S Corporations: I intend that any trust that holds stock of a Subchapter S corporation qualify as a "qualified Subchapter S trust" under Section 1361 of the Code, and that, accordingly, during the lifetime of the current income beneficiary of any such trust, all income of the trust shall be distributed to that beneficiary, only that beneficiary shall receive distributions of income or principal from the trust, and in the event of the termination of the trust for any reason during that beneficiary's lifetime, all income and principal of the trust shall be distributed to that beneficiary. Any provision of this instrument which may appear to conflict or in any way defeat my intention that a trust holding stock of a Subchapter S corporation be a "qualified Subchapter S trust" shall be construed or applied so as to accomplish it. If stock of a Subchapter S corporation would otherwise be distributable under this instrument

in a manner that would cause that corporation to lose its status as an S corporation, I authorize the Trustee to appoint that stock to one or more of the persons who would then be entitled to my estate under the Intestate Laws of California then in effect had I died immediately after the time when such distribution is directed, in such manner as the Trustee, in the Trustee's sole discretion, shall determine, in trust or otherwise, so as to preserve the corporation's status as an S corporation.

**SEVENTH:** Disability Provision: If the beneficiary, in the sole opinion of the Trustee, shall become mentally or physically incapacitated, the Trustee may apply the share to which the beneficiary is otherwise entitled hereunder for the beneficiary's support, health and welfare, directly, without the intervention of a guardian.

**EIGHTH:** Protective Provision: All principal and income shall, until actual distribution to the beneficiary, be free of the debts, contracts, alienations and anticipations of any beneficiary, and shall not be liable to any levy, attachment, execution or sequestration while in the hands of the Trustee.

**NINTH:** Insurance Policies:

    a. I authorize the Trustee to purchase or retain policies of life insurance on my life, naming the Trustee of this trust as beneficiary thereof, and to hold such policies, regardless of any lack of diversification or non-productivity, for as long as deemed advisable and to pay premiums therefor out of principal.

    b. No life insurance company shall be responsible to see to the execution or performance of this trust.

    c. The Trustee shall have the right to: (a) borrow on policies; (b) assign and pledge policies for any loan; (c) receive dividends, benefits and all other sums payable to insured, and (d) exercise any conversion privilege and, after the death of the insured, exercise all other rights, options and powers granted under any such insurance policy.

    d.    The Trustee may, without incurring liability, compromise and settle any questions relating to any policy upon such terms as may be deemed wise.

    e.    I exonerate the Trustee from any liability arising from any exercise or non-exercise of the Trustee's authority under this Article, provided the Trustee's actions or inactions are taken in good faith.

**TENTH:** <u>Powers of Trustee</u>: In addition to the powers given by law, the Trustee, and any successors, without any order of court and in the Trustee's sole discretion, may:

    a.    Retain any real or personal property, as long as deemed advisable.

    b.    Invest in any real or personal property in accordance with the prudent investor rule.

    c.    Subscribe for stocks, bonds or other investments; join in any plan of lease, mortgage, merger, consolidation, exchange, reorganization, foreclosure or voting trust and deposit securities thereunder; and generally exercise all the rights of security holders of any corporation.

    d.    Register securities in the name of a nominee or in such manner that title will pass by delivery.

    e.    Vote securities in person or by proxy, and in such connection delegate discretionary powers.

    f.    Repair, alter, improve or lease, for any period of time, any real or personal property, and give options for leases.

    g.    Sell at public or private sale, for cash or credit, with or without security, exchange or partition any real or personal property, and give options for sales or exchanges.

    h.    Borrow money from any person, including any fiduciary, and mortgage or pledge any real or personal property.

    i.    Employ investment and legal counsel, accountants, brokers and other specialists, and compensate them and reimburse their expenses out of income or principal or both (in addition to fiduciary commissions), and delegate to investment counsel (including an account executive at a securities firm) discretion with respect to the investment and reinvestment of any or all of the assets held hereunder.

    j.    Organize a corporation, without leave of court, to carry on any such business, alone or with others, and contribute all or part of the assets of such

business as capital to such corporation and accept stock in the corporation in exchange therefor.

  k. Delegate authority in the conduct of any such business to any director, stockholder, manager, agent, partner or employee, and approve payment from the business of adequate compensation to any such person.

  l. Accept as correct, in the absence of actual notice to the contrary, financial and other statements rendered from time to time by the managers of any such business or the surviving partners of any partnership as to its conditions and operations.

  m. Execute partnership agreements and amendments thereto.

  n. Modify and renegotiate any agreements for the sale of any real or personal property, including partnership interests, or waive the provisions of any such agreements if it is beneficial to do so.

  o. Pay administration expenses, including, without limitation, interest on death taxes ("administration expenses") from principal or income.

  p. Compromise claims.

  q. Divide any trust hereunder, which division may be made on a non-pro rata basis, into two or more separate and independent trusts and make any principal distributions otherwise authorized hereunder from the trusts on a non-pro rata basis.

  r. Add to the principal of any trust created hereby any property received from any person by Deed, Will or in any other manner.

  s. At any time merge any trust hereunder with any other trust held by the Trustee, whether created by me or by any other person by Will or Deed, if the terms of the trust are then substantially similar and held for the primary benefit of the same person or persons.

  t. Make distributions without the consent of any beneficiary, in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property and do so, except as otherwise specifically provided elsewhere herein, without regard to the income tax basis of specific property allocated to any beneficiary (including any trust) and without making pro rata distribution of specific assets.

  u. Exercise all power, authority and discretion given hereby, after the termination of any trust created herein until the same is fully distributed.

I exonerate the Trustee from any liability arising from any exercise or failure to exercise these powers, provided the Trustee's actions (or inactions) are taken in good faith.

**ELEVENTH:** Trustee: If CHRISTIANA BANK & TRUST COMPANY should for any reason cease to act as Trustee, the NORTHERN TRUST COMPANY shall become successor Trustee. CHRISTIANA BANK & TRUST COMPANY and any successor Trustee may resign as Trustee of any trust by an acknowledged instrument delivered to the beneficiary or the personal representative of the beneficiary's estate, such resignation to be effective upon a successor Corporate Trustee being appointed. In the event that there is a vacancy in the office of Trustee, the beneficiary or her personal representative shall appoint a successor Corporate Trustee by an instrument and delivered to the Trustee then serving. A successor Trustee shall qualify by filing its consent to act with the trust records.

CHRISTIANA BANK & TRUST COMPANY and any successor Trustee shall not be required to give bond or furnish sureties in any jurisdiction and any successor Trustee shall serve with the same duties, powers and discretion as if originally appointed and any Trustee may resign without court approval. Whenever the word "Trustee" is used in this instrument, the word shall include both the singular and the plural, unless the context indicates otherwise.

**TWELFTH:** Compensation of Trustee: CHRISTIANA BANK AND TRUST COMPANY (or its successor) shall receive compensation for its services as sole or co-Trustee in accordance with its schedule of rates, including minimum fees and separate compensation for real estate, interests in closely-held businesses, and other special investments, as published from time to time and in effect at the time services are rendered.

**THIRTEENTH:** Release of Trustee; Court Accountings:

  a. Upon giving notice of resignation or upon receiving notice of removal, the Trustee shall deliver a statement of its activities to the date of such notice for which it has not reported to the beneficiary. The beneficiary shall have ninety (90) days from receipt of such notice to file with Trustee any objections to its actions as Trustee. If no such objections are filed, Trustee shall be without any further liability or responsibility to the beneficiary except for acts of gross negligence or willful wrongdoing.

  b. Upon the resignation or removal of any Trustee, the beneficiary shall have the power to release the former Trustee from all liability with respect to the administration of the trust during the period that the former Trustee acted. I direct that such release shall be binding on all present and future parties in interest without the necessity of a court accounting.

  c. In the event that a court accounting of the administration of any trust hereunder ever becomes necessary, I request that the Court dispense, to the maximum extent permitted by law (whether under the doctrine of virtual representation or otherwise), with the necessity of the appointment of any guardian or trustee ad litem.

  **FOURTEENTH:** <u>Situs of Trust</u>: This trust shall have its situs in Delaware and all questions pertaining to the validity, construction and administration of this trust shall be determined in accordance with the laws of Delaware. Notwithstanding the preceding provision, the Trustee shall have the authority, from time to time and without approval of any court, to change the situs of this trust to a situs in any state in which the beneficiary resides, or in which a Trustee is located, and the Trustee may, but shall not be required to, elect the law of the new situs to govern the validity, construction and administration of such trust. The Trustee may change the situs of one or more trusts created hereunder without changing the situs of other trusts created hereunder, and any change of situs accomplished under these provisions shall be treated as a continuation of the relevant trust. The Trustee may not, however, change the situs (or the governing law) of any trust hereunder without first obtaining the written consent of the beneficiary. A change of situs (and a change of the governing law) shall become effective upon

the filing with the records of the trust the Trustee's written declaration of the change of situs (and the change of law, if elected) and the effective date, and the required consent of the beneficiaries.

**FIFTEENTH:** Trust Irrevocable: I hereby declare that this trust is irrevocable and may not be altered or amended by me in any respect.

IN WITNESS WHEREOF, Settlor has signed this instrument on the 24th day of September, 2003.

_____
STEVEN MENZIES

_____
WITNESS

_____
WITNESS

CHRISTIANA BANK AND TRUST COMPANY, Trustee

By: _____

STATE OF              :
                   : ss
COUNTY OF             :

  On the 24 day of SEPTEMBER, 2003, before me, the subscriber, a Notary Public in and for the State of CALIFORNIA, personally appeared the above named STEVEN MENZIES and in due form of law acknowledged the foregoing Irrevocable Trust Agreement to be his act and deed and desired the same to be recorded as such.

  WITNESS, my hand and Notarial Seal the day and year aforesaid.

              _Marie A. DeGuzman_
              Notary Public

              My Commission Expires:

> MARIE A. DE GUZMAN
> Commission # 1416485
> Notary Public - California
> San Francisco County
> My Comm. Expires May 6, 2007

755739.1 9/24/03             -10-