# Exhibit C

IRREVOCABLE TRUST AGREEMENT

made this          day of                    , 2003,

WHEREBY

I,

STEVEN MENZIES

as SETTLOR,

and

CHRISTIANA BANK and TRUST COMPANY

hereinafter called Trustee,

agree as follows:

**FIRST:** Creation of the Trust: I hereby irrevocably assign and transfer to the Trustee all of the assets for which the Trustee has given the Trustee's receipt, to hold, together with any other property which may be added hereto, as the STEVEN MENZIES DISCRETIONARY TRUST dated this day upon the following trusts.

**SECOND:** Terms of the Trust: Until the Trust Division date (as hereafter defined) the Trustee shall hold the principal hereof in trust and accumulate the net income and add the same to principal; provided, however, that the Trustee, in the Trustee's sole discretion, may pay or apply some or all or none of the income and principal for the health, support, education and other benefit of ANN MENZIES, even to the exhaustion of the principal; provided, however, that any such power of distribution shall be subject and subordinate to the rights of withdrawal set forth in Article FIFTH hereof.

**THIRD:** Terms of the Trust After the Trust Division Date: Upon the later of (1) the first day ANN MENZIES has no power of withdrawal under Article FIFTH hereof and

1

(2) Twenty-Five (25) years from the date hereof, (the "Trust Division Date"), the Trustee shall distribute the balance of principal to ANN MENZIES if she is then living; otherwise to the personal representative of her estate.

**FOURTH:** <u>The Absolute Nature of the Trustee's Authority</u>: My intention is that, in regard to the Trustee's decisions regarding distributions to ANN MENZIES, the Trustee's discretion shall be utterly sole, absolute and uncontrolled and the Trustee shall have no duty to refer to or abide by any letter of instructions that I may leave directed to the Trustee. Accordingly, the Trustee may choose to distribute no income or principal to her even if it may appear that a distribution would otherwise be appropriate for her or necessary for her well-being. The Trustee shall not be required to justify, explain or state the Trustee's reasons for any decision to authorize or not to authorize distribution of income or principal to ANN MENZIES, even if it appears that the Trustee's decision is or may be arbitrary, capricious or unreasonable.

**FIFTH:** <u>Right of Withdrawal</u>: Until the Trust Division Date, ANN MENZIES (the "Beneficiary") shall have the right to withdraw an amount of principal equal to the value of any assets (including the value of any insurance policy) transferred to the Trustee (other than (a) by Will or (b) other transfers that in any event would be a "future interest" under Section 2503 of the Code and applicable regulations) provided that such right of withdrawal with respect to any transfer shall not exceed the maximum amount allowable at the time of such transfer as an exclusion from taxable gifts under Section 2503 of the Code, reduced by the value at the time of any previous transfer of any assets previously transferred hereto by the same transferor during the same calendar year.

Promptly upon any transfer (as limited above) of assets hereto the Trustee shall notify the Beneficiary of her power of withdrawal with respect thereto. Any exercise of a power

of withdrawal under this Article Fifth shall be by instrument in writing and delivered to the Trustee. Upon receipt thereof the Trustee shall promptly pay over to the Beneficiary the amount of principal being withdrawn. In the case of a Beneficiary who is under a disability, any notification required above to be given to her shall be given to her guardian who shall determine on behalf of the Beneficiary whether to exercise the power of withdrawal hereinabove granted. A guardian for this purpose shall be any court appointed legal guardian; or if there is no such guardian, such person as special guardian (other than the Settlor) as may be selected by the Trustee.

Upon the expiration of thirty (30) days after receipt by the Trustee of assets transferred hereto or by the end of December 30 of the calendar year in which such assets are transferred, whichever is earlier, the Beneficiary's unexercised power of withdrawal under this Article Fifth shall be reduced by the lesser of (i) the amount originally withdrawable by her with respect to the transfer of such assets and (ii) the maximum amount by which such her unexercised power of withdrawal hereunder could lapse without such lapse being treated to any extent as a release of a power of appointment under Sections 2041 and 2514 of the Code, taking into account any prior lapses of the Beneficiary's power of withdrawal during the same calendar year.

In addition, at the end of each calendar year until the Trust Division Date, the Beneficiary's unexercised power of withdrawal under this Article Fifth shall be further reduced to the full extent her power of withdrawal hereunder could lapse without such lapse being treated to any extent as a release of a power of appointment under Sections 2041 and 2514 of the Code, as then amended, taking into account any prior lapses of her power of withdrawal during the

same calendar year. Any unexercised power of the Beneficiary remaining at her death shall terminate at that time.

Notwithstanding the foregoing, the Trustee may at any time in the Trustee's sole discretion reduce the amount of principal the Beneficiary may withdraw under this Article Fifth for any period of time by notifying the Beneficiary in writing of such determination, and the withdrawal rights of the Beneficiary with respect to any transfer of assets made after such notice and during such period shall be as so reduced. If the Beneficiary's right of withdrawal is reduced to zero, the Beneficiary shall be considered deceased for purposes of this Article Fifth during the period of such reduction.

If there is insufficient principal on hand to satisfy fully the Beneficiary's withdrawal demand, I, intending to be legally bound, agree to add to the principal of the trust an amount required to make up the deficiency (which addition shall not be considered a transfer to the trust for purposes of this Article Fifth).

Such withdrawal rights may be exercised by any court appointed guardian or special guardian of the estate of the beneficiary.

**SIXTH:** Tax Clause: Unless my Will shall provide otherwise, if any estate, inheritance, succession or other death taxes, including any penalties thereon, are assessed against or measured by the assets of this trust upon my death, this trust shall bear its proportionate part thereof; provided, however, that no asset which is exempt from any state death tax shall be used for the payment of such tax and no asset which is exempt from federal estate tax shall be used for the payment of that tax. Such taxes shall be paid out of the principal and at such time or times as may be deemed advisable.

**SEVENTH:** Termination of Trusts at Trustee's Discretion: Whenever the Trustee, in the Trustee's sole discretion, determines that any fund held in trust hereunder is too small to warrant establishing or continuing such fund in trust, or its administration would be or become impractical for any other reason, the Trustee may pay such fund, outright, to the Beneficiary. If the Beneficiary, in the opinion of the Trustee, is mentally or physically incapacitated, the Trustee may pay such fund to the guardian of the estate or person of the Beneficiary and the receipt of such person shall be a complete release of the Trustee. If the Beneficiary is deceased, the Trustee may pay the fund to the personal representative of the Beneficiary's estate.

**EIGHTH:** Disability Provision: If the Beneficiary, in the sole opinion of the Trustee, shall become mentally or physically incapacitated, the Trustee may apply the share to which the Beneficiary is otherwise entitled hereunder for the Beneficiary's support, health and welfare, directly, without the intervention of a guardian.

**NINTH:** Protective Provision: All principal and income shall, until actual distribution to the Beneficiary, be free of the debts, contracts, alienations and anticipations of any beneficiary, and shall not be liable to any levy, attachment, execution or sequestration while in the hands of the Trustee.

**TENTH:** Insurance Policies:

    a. I authorize the Trustee to purchase or retain policies of life insurance on my life, naming the Trustee of this trust as beneficiary thereof, and to hold such policies, regardless of any lack of diversification or non-productivity, for as long as deemed advisable and to pay premiums therefor out of principal.

    b. No life insurance company shall be responsible to see to the execution or performance of this trust.

    c. The Trustee shall have the right to: (a) borrow on policies; (b) assign and pledge policies for any loan; (c) receive dividends, benefits and all other sums payable to insured, and (d) exercise any conversion privilege and, after the death of

the insured, exercise all other rights, options and powers granted under any such insurance policy.

   d.  The Trustee may, without incurring liability, compromise and settle any questions relating to any policy upon such terms as may be deemed wise.

   e.  I exonerate the Trustee from any liability arising from any exercise or non-exercise of the Trustee's authority under this Article, provided the Trustee's actions or inactions are taken in good faith.

**ELEVENTH:** <u>Powers of Trustee</u>: In addition to the powers given by law, the Trustee, and any successors, without any order of court and in the Trustee's sole discretion, may:

   a.  Retain any real or personal property, as long as deemed advisable.

   b.  Invest in any real or personal property in accordance with the prudent investor rule.

   c.  Subscribe for stocks, bonds or other investments; join in any plan of lease, mortgage, merger, consolidation, exchange, reorganization, foreclosure or voting trust and deposit securities thereunder; and generally exercise all the rights of security holders of any corporation.

   d.  Register securities in the name of a nominee or in such manner that title will pass by delivery.

   e.  Vote securities in person or by proxy, and in such connection delegate discretionary powers.

   f.  Repair, alter, improve or lease, for any period of time, any real or personal property, and give options for leases.

   g.  Sell at public or private sale, for cash or credit, with or without security, exchange or partition any real or personal property, and give options for sales or exchanges.

   h.  Borrow money from any person, including any fiduciary, and mortgage or pledge any real or personal property.

   i.  Employ investment and legal counsel, accountants, brokers and other specialists, and compensate them and reimburse their expenses out of income or principal or both (in addition to fiduciary commissions), and delegate to investment counsel (including an account executive at a securities firm) discretion with respect to the investment and reinvestment of any or all of the assets held hereunder.

   j.  Organize a corporation, without leave of court, to carry on any such business, alone or with others, and contribute all or part of the assets of such

business as capital to such corporation and accept stock in the corporation in exchange therefor.

 k. Delegate authority in the conduct of any such business to any director, stockholder, manager, agent, partner or employee, and approve payment from the business of adequate compensation to any such person.

 l. Accept as correct, in the absence of actual notice to the contrary, financial and other statements rendered from time to time by the managers of any such business or the surviving partners of any partnership as to its conditions and operations.

 m. Execute partnership agreements and amendments thereto.

 n. Modify and renegotiate any agreements for the sale of any real or personal property, including partnership interests, or waive the provisions of any such agreements if it is beneficial to do so.

 o. Pay administration expenses, including, without limitation, interest on death taxes ("administration expenses") from principal or income.

 p. Compromise claims.

 q. Divide any trust hereunder, which division may be made on a non-pro rata basis, into two or more separate and independent trusts and make any principal distributions otherwise authorized hereunder from the trusts on a non-pro rata basis.

 r. Add to the principal of any trust created hereby any property received from any person by Deed, Will or in any other manner.

 s. At any time merge any trust hereunder with any other trust held by the Trustee, whether created by me or by any other person by Will or Deed, if the terms of the trust are then substantially similar and held for the primary benefit of the same person or persons.

 t. Make distributions without the consent of any beneficiary, in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property and do so, except as otherwise specifically provided elsewhere herein, without regard to the income tax basis of specific property allocated to any beneficiary (including any trust) and without making pro rata distribution of specific assets.

 u. Exercise all power, authority and discretion given hereby, after the termination of any trust created herein until the same is fully distributed.

I exonerate the Trustee from any liability arising from any exercise or failure to exercise these powers, provided the Trustee's actions (or inactions) are taken in good faith.

**TWELFTH:** <u>Trustee</u>: If CHRISTIANA BANK & TRUST COMPANY should for any reason cease to act as Trustee, the NORTHERN TRUST COMPANY shall become successor Trustee. CHRISTIANA BANK & TRUST COMPANY and any successor Trustee may resign as Trustee of any trust by an acknowledged instrument delivered to the Beneficiary or the personal representative of the Beneficiary's estate, such resignation to be effective upon a successor Corporate Trustee being appointed. In the event that there is a vacancy in the office of Trustee, the Beneficiary or her personal representative shall appoint a successor Corporate Trustee by an instrument and delivered to the Trustee then serving. A successor Trustee shall qualify by filing its consent to act with the trust records.

CHRISTIANA BANK & TRUST COMPANY and any successor Trustee shall not be required to give bond or furnish sureties in any jurisdiction and any successor Trustee shall serve with the same duties, powers and discretion as if originally appointed and any Trustee may resign without court approval. Whenever the word "Trustee" is used in this instrument, the word shall include both the singular and the plural, unless the context indicates otherwise.

**THIRTEENTH:** <u>Compensation of Trustee</u>: CHRISTIANA BANK AND TRUST COMPANY (or its successor) shall receive compensation for its services as sole or co-Trustee in accordance with its schedule of rates, including minimum fees and separate compensation for real estate, interests in closely-held businesses, and other special investments, as published from time to time and in effect at the time services are rendered.

**FOURTEENTH:** <u>Release of Trustee; Court Accountings</u>:

    a.    Upon giving notice of resignation or upon receiving notice of removal, the Trustee shall deliver a statement of its activities to the date of such notice for which it has not reported to the Beneficiary. The Beneficiary shall have ninety (90) days from receipt of such notice to file with Trustee any objections to its actions as Trustee. If no such objections are filed, Trustee shall be without any further liability or

responsibility to the Beneficiary except for acts of gross negligence or willful wrongdoing.

      b.    Upon the resignation or removal of any Trustee, the Beneficiary shall have the power to release the former Trustee from all liability with respect to the administration of the trust during the period that the former Trustee acted. I direct that such release shall be binding on all present and future parties in interest without the necessity of a court accounting.

      c.    In the event that a court accounting of the administration of any trust hereunder ever becomes necessary, I request that the Court dispense, to the maximum extent permitted by law (whether under the doctrine of virtual representation or otherwise), with the necessity of the appointment of any guardian or trustee ad litem.

**FIFTEENTH:** <u>Situs of Trust</u>: This trust shall have its situs in Delaware and all questions pertaining to the validity, construction and administration of this trust shall be determined in accordance with the laws of Delaware. Notwithstanding the preceding provision, the Trustee shall have the authority, from time to time and without approval of any court, to change the situs of this trust to a situs in any state in which the Beneficiary resides, or in which a Trustee is located, and the Trustee may, but shall not be required to, elect the law of the new situs to govern the validity, construction and administration of such trust. The Trustee may change the situs of one or more trusts created hereunder without changing the situs of other trusts created hereunder, and any change of situs accomplished under these provisions shall be treated as a continuation of the relevant trust. The Trustee may not, however, change the situs (or the governing law) of any trust hereunder without first obtaining the written consent of a the Beneficiary. A change of situs (and a change of the governing law) shall become effective upon the filing with the records of the trust the Trustee's written declaration of the change of situs (and the change of law, if elected) and the effective date, and the required consents of Beneficiaries.

**SIXTEENTH:** <u>Trust Irrevocable</u>: I hereby declare that this trust is irrevocable and may not be altered or amended by me in any respect.

IN WITNESS WHEREOF, Settlor has signed this instrument on the     day of     , 2003.

_____
STEVEN MENZIES

_____
WITNESS

_____
WITNESS

CHRISTIANA BANK AND TRUST COMPANY, Trustee

By:_____

STATE OF _California_             :
                                  : ss
COUNTY OF _San Francisco_         :

On the _26th_ day of _August_, 2003, before me, the subscriber, a Notary Public in and for the State of _California_, personally appeared the above named STEVEN MENZIES and in due form of law acknowledged the foregoing Irrevocable Trust Agreement to be his act and deed and desired the same to be recorded as such.

WITNESS, my hand and Notarial Seal the day and year aforesaid.

_Quintella M. Griffin_
Notary Public

My Commission Expires: _9/23/06_

```
QUINTELLA M. GRIFFIN
Comm. # 1376203
NOTARY PUBLIC - CALIFORNIA
City & County of San Francisco
My Comm. Expires Sept. 23, 2006
```

753403.1 8/20/03
SF1 28153796.1

-11-